# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 16, 2014

## STATE OF TENNESSEE v. KEVIN DEWITT FORD

**Appeal from the Criminal Court for Davidson County**
**No. 2001A600, 601       Cheryl A. Blackburn, Judge**

_____

**No. M2014-01401-CCA-R3-CD - Filed March 11, 2015**

_____

Appellant, Kevin Dewitt Ford, appeals from the trial court's summary dismissal of his *pro se* "Motion for Order Correcting Error in Judgment" filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Having reviewed the record and the briefs of the parties, we conclude that Appellant has failed to state a cognizable claim for relief, and therefore, the trial court did not err in summarily dismissing Appellant's motion. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Kevin D. Ford, *Pro Se*.

Herbert H. Slatery, III, Attorney General and Reporter; Deshea Dulany Faughn, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

*Procedural history*

On March 27, 2003, Appellant pleaded guilty to seven counts of aggravated robbery, a Class B felony. He received a total effective sentence of 50 years' incarceration in the Tennessee Department of Correction. As a condition of his guilty plea, Appellant reserved a certified question of law concerning the trial court's ruling on his motion to suppress. On

direct appeal, a panel of this court affirmed Appellant's convictions. *State v. Kevin Dewitt Ford and Clifford Sylvester Wright*, No. M2003-00957-CCA-R3-CD, 2005 WL 677280 (Tenn. Crim. App., March 23, 2005), *perm. app. denied* (Tenn., Oct. 24, 2005). Appellant subsequently appealed the denial of his petition for post-conviction relief, which this court also affirmed. *Kevin Dewitt Ford v. State*, No. M2007-01727-CCA-R3-PC, 2009 WL 564226 (Tenn. Crim. App., Mar. 5, 2009), *perm. app. denied* (Tenn., June 15, 2009). Appellant also filed an untimely petition for writ of error coram nobis attacking his convictions. *Kevin Dewitt Ford v. State*, No. M2011-02105-CCA-R3-CO, 2012 WL 4571646 (Tenn. Crim. App., Oct. 1, 2012), *perm. app. denied* (Tenn., Jan. 14, 2013). A panel of this court affirmed the trial court's summary dismissal of Appellant's petition. *Id*. Appellant thereafter filed the motion that is the subject of this appeal.

Appellant appeals from the trial court's summary dismissal of his "Motion for Order Correcting Error in Judgment," in which he asserted that his effective sentence was extended "beyond the range of his punishment [ ] for his class of offense" and was "contrary to the statutory application, i.e., the [ ] Sentencing Reform Act." Appellant asserted that his sentence should be reduced to "its minimum term of punishment for that class of offense[:]" eight years. Appellant also claimed that he was misinformed and coerced by trial counsel into entering his guilty pleas. Appellant asserted that the prosecution "sav[ed] back" offenses "for purposes of running [his] time consecutively." He asserted that the offenses occurred "in the course of a single episode, over a period of one year having the same common scheme and pattern[,]" and the offenses should have been joined under Rules 8 and 13 of the Tennessee Rules of Criminal Procedure. Appellant also asserted that his convictions were "based upon activity closely related in time" and therefore should have been ordered to be served concurrently.

In its written order denying Appellant's motion, the trial court gave a detailed procedural history of Appellant's cases. The trial court found that Appellant "continues to misinterpret the sentencing laws and attempts to relitigate issues that have been previously addressed." The trial court concluded that there was no error in Appellant's sentences.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

2

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

. . . .

The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and a defendant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure." Therefore, Rule 36.1 provided a new appeal as of right for individuals who had received an illegal sentence. Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b); *see Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App., Mar. 7, 2014), *no perm. app. filed*. Because Rule 36.1 does not define "colorable claim," a panel of this court adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., Aug. 13, 2014), *no perm. app. filed*.

In his brief on appeal, Appellant contends that he was sentenced "beyond the range of his punishment" and that his 50-year sentence is illegal because the sentence is "contrary to the sentencing guidelines and far in excess to that intended by Legislation for a Range I Standard Offender." He further contends that under Tennessee Rules of Criminal Procedure 8 and 13, all of his offenses should have been consolidated into a "[s]ingle conviction," and he should have received the presumptive minimum sentence of eight years."

Taking all of Appellant's assertions as true and viewing them in the light most favorable to him, we have determined that Appellant has not presented a colorable claim for relief from an illegal sentence. It is clear from the record that Appellant received an in-range, legal sentence on each of his convictions for aggravated robbery. As set forth above, Appellant was convicted as a Range I standard offender of seven counts of aggravated robbery, a Class B felony. The Range I sentence for a Class B felony is eight to 12 years. *See* Tenn. Code Ann. § 40-35-115(a)(2). The judgments reflect that Appellant was sentenced to ten years for each aggravated robbery conviction. There is nothing in the record to support

Appellant's assertions that his sentences were either not authorized by or directly contravene an applicable statute.

Having determined that Appellant's motion fails to present a colorable claim for relief under Rule 36.1, we affirm the trial court's summary dismissal of the motion.


_____
THOMAS T. WOODALL, PRESIDING JUDGE